liBABINEAUX, Judge.
This court issued a rule to show cause to Todd E. Davis why these consolidated appeals should not be dismissed as untimely pursuant to La.Code Civ.P. arts. 3942 and 3943.
In Angela Buck Davis v. Todd E. Davis, our Docket No. 97-260, Angela Buck Davis filed a petition for divorce against her husband, Todd E. Davis. In Todd E. Davis v. Angela Buck Davis, our Docket Number 97-261, Todd E. Davis filed a petition for disavowal of paternity. In Docket Number 97-261, the defendant filed an exception of prescription. On June 6, 1996, the two suits were consolidated. On November 12, 1996, the trial court rendered judgment granting the parties a divorce, as well as granting sole custody of the minor child to the mother. Thehexception of prescription filed by Angela B. Davis in the matter styled Todd E. Davis v. Angela B. Davis was maintained and the disavowal action was dismissed. The judgment further ordered child support in the amount of $350 per month for maintenance and support of the minor child. On December 27, 1996, Todd E. Davis filed a motion for an appeal in the consolidated suits.
The two consolidated cases were lodged by this court on March 6, 1997. On March 10, 1997, this court issued a rule to show cause why the above captioned appeal should not be dismissed as being untimely, pursuant to La.Code Civ.P. arts. 3942 and 3943.
La.Code Civ.P. art. 3942 states as follows:
Art. 3942. Appeal from judgment granting or refusing annulment or divorce
A. An appeal from a judgment granting or refusing an annulment of marriage or a divorce can be taken only within thirty days from the applicable date provided in Article 2087(A)(l)-(3).
B. Such , an appeal shall suspend the execution of the judgment insofar as the judgment relates to the annulment, divorce, or any partition of community property or settlement of claims arising from the matrimonial regime.
La.Code Civ.P. art. 3943 states as follows:
Art. 3943. Appeal from judgment awarding custody, visitation, or support
An appeal from a judgment awarding custody, visitation, or support of a person can be taken only within the delay provided in Article 3942. Such an appeal shall not suspend execution of the judgment insofar as the judgment relates to custody, visitation, or support.
In response to the rule to show cause, Mr. Davis states that his intent was to appeal the granting of the exception of prescription, and not the rulings on divorce, custody, and support. It is clear under La.Code Civ.P. arts. 3942 and 3943, that the portion of the judgment relating to the issues in Angela Buck Davis v. Todd E. Davis, our Docket No. 97-260, were matters which had to be appealed within thirty days. We therefore find the appeal in our Docket Number 97-260 untimely and hereby dismiss the appeal at appellant’s cost. The appeal in Todd E. Davis v. Angela Buck 3Davis, our Docket No. 97-261, was filed timely, and is therefore maintained as an appeal. The appellant record in Angela Buck Davis v. Todd E. Davis, our Docket *216 No. 97-260, will be retained by the court as an exhibit in appeal number 97-261.

APPEAL DISMISSED.